# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DARRELL JASON DAVID HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00032 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **AMHERST COUNTY ADULT DETENTION CENTER,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Darrell Jason David Harris, Pro Se Plaintiff.*

The plaintiff, Darrell Jason David Harris, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Harris has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Complaint, however, I conclude that the action must be summarily dismissed.

Harris alleges that on January 4 through 13, 2022, his housing unit at the Amherst County Adult Detention Center ("ACADC") was on "lockdown status." Compl. 2, ECF No. 1. Officers allowed several inmates out of their cells to pass out meal trays to other inmates in the unit. Harris asserts that he has since learned that many of these inmate servers were not medically cleared for that job and had asked for medical attention the previous week because of cold-like symptoms. By January

13, 2022, Harris and others in the unit developed symptoms and tested positive for COVID-19. Officers quarantined these inmates. During quarantine, Harris did not have his linens exchanged, was not allowed cleaning supplies, was let out of his cell to bathe only two times, had to wash his clothes, and could not use the telephone to make or receive calls. Harris sues ACADC, blaming the negligence of unnamed officers for the fact that he contracted the virus and seeking monetary relief.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Harris names only one defendant in this case: ACADC, which is a jail facility of the Blue Ridge Regional Jail Authority ("BRRJA") according to public records online. A local jail facility itself cannot qualify as a person subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks and citation omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983"

and thus "lacks the capacity to be sued as a jail."). Because Harris' § 1983 claim cannot proceed against the only defendant he has named I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

An appropriate Final Order will enter this day. Such a dismissal leaves Harris free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

DATED: April 14, 2022

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Harris's allegations, if particularized, might state a proper § 1983 claim against some persons employed at the jail. On the contrary, it is well established that mere negligence by jail officials cannot provide grounds for a constitutional claim. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).